UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEVIN ALLEN LAMM,<br>a/k/a Mike Malone,<br><br>Defendant. | 4:17-CR-40040-01-KES<br><br>ORDER DENYING MOTION FOR WITNESS STATEMENTS AND HAND-WRITTEN NOTES, TRANSCRIPTS FROM OTHER COURT HEARINGS, AND GRAND JURY TRANSCRIPT |

Defendant, Kevin Allen Lamm, moves the court to provide him with all statements made by witnesses interviewed during the investigation of this case and all hand written notes taken by investigators during those interviews. Docket 62. Lamm also requests transcripts from court hearings held on September 20, 2017, September 27, 2017,[1] and October 17, 2017, for use as evidence at his trial. *Id.* Lamm further requests a copy of the grand jury transcript for his case so he may go over the transcript with his attorney. *Id.* For the reasons that follow, the court denies each of these requests.

Under Criminal Local Rule of Practice 47.1A, before a party files a discovery motion, that party must file the certification required under Criminal Local Rule 16.1. Criminal Local Rule 16.1 requires that "[a] party filing a motion concerning a discovery dispute must file a separate certification describing the good faith efforts of the parties to resolve the dispute." Here, Lamm has not filed a certification under Criminal Local Rule 16.1 or described any of the good faith efforts

---

[1] This hearing was actually held on September 29, 2017. Docket 34.

undertaken to resolve this dispute with plaintiff. Thus, Lamm's request for all statements made by witnesses interviewed during the investigation of this case and all hand written notes taken by investigators during those interviews is denied.

As for Lamm's request for the transcripts of court hearings from September and October 2017, these transcripts are either from *ex parte* hearings between the court and Lamm or from status conferences between the court and the parties. Lamm has not identified how these transcripts would be admissible under the Federal Rules of Evidence. The court finds that nothing contained within the transcripts of these hearings is relevant or would otherwise be admissible as evidence at Lamm's trial. Thus, the court denies Lamm's request to produce these transcripts or admit them as evidence at his trial.

Lamm's request to review the grand jury transcripts with his attorney must also be denied. After Lamm made this request, he chose to represent himself at his trial, which makes this request moot. Thus, it is

ORDERED that Lamm's motion for witness statements and hand-written notes, transcripts from other court hearings, and request to review the grand jury transcript with his attorney (Docket 62) is denied.

DATED this 2nd day of November, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE